MORTGAGES
(1) 46 O.S. 15 [46-15] (1978) is applicable to the release of mortgages dated prior to September 30, 1977, as well as to mortgages dated subsequent thereto. (2) The holder of a mortgage does not need to physically file the release of mortgage with the county clerk but if his designee fails to timely file such release the holder would be liable to the mortgagor. (3) To avoid being subject to penalty the holder of a mortgage shall file the release of mortgage within fifty (50) days upon payment of the debt secured by the mortgage. (4) Oklahoma's mortgage release law makes mandatory the duty of the holder of a mortgage to timely release the mortgage upon payment of the debt secured thereby thus, the fee required by the county clerk for filing the release of mortgage must be paid by the holder of the mortgage. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: (1) Does 46 O.S. 15 [46-15] (1978) apply to mortgages dated prior to September 30, 1977? (2) Must the holder of a mortgage physically file a release of mortgage or may some other person be designated to file a mortgage release? (3) How much time does the holder of a mortgage have to file a mortgage release before being in jeopardy? (4) Does the filing fee for a release of mortgage need to be paid by any particular party ? Title 46 O.S. 15 [46-15] (1978) provides: "Any mortgage on real estate shall be released by the holder of any such mortgage within fifty (50) days of the payment of the debt secured by the mortgage and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded. If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the date of the request to release such mortgage. If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for relief shall be in writing and describe the mortgage and premises with reasonable certainty. Provided that, the total penalty shall not exceed one hundred percent (100%) of the total principal debt." Title 46 O.S. 16 [46-16] (1978) provides: "A mortgage on real property may be released by written instrument, duly signed and acknowledged and recorded in the office of the county clerk as register of deeds." In the case of McVicker v. Board of County Commissioners of Caddo County, Okl.,442 P.2d 297 (1968) in addressing wording of statutes it was held that if the wording of a statute is plain and clear its evident meaning must be accepted and there is no reason to attempt to fabricate a different meaning The above provisions clearly set forth the method for releasing mortgages as well as placing upon the holder of a mortgage the responsibility to release the mortgage when payment has occurred. The mortgage must be released by the holder of the mortgage within the prescribed time limitations to comply with the law and avoid penalty. Inasmuch as 46 O.S. 15 [46-15],16 (1978) comprise Oklahoma's mortgage release laws they are applicable to the release of all real estate mortgages and are not just limited to mortgages dated after September 30, 1977. In reference to your second question the requirement that the holder of a mortgage must release the mortgage timely or be subject to penalty upon receipt of proper notice does not mean that the holder must physically file the release in the office of the county clerk. This task may be accomplished by any person so designated or authorized by the holder of the mortgage. The responsibility however, is the holder's and reliance upon an agent designated to physically file a release who fails to do so would not preclude recovery of penalty from the holder of a mortgage by the mortgagor. Regarding your third question, recovery of penalty may be effected only when the holder of a mortgage has failed to release the mortgage within fifty days of the payment of the debt secured by the mortgage and received written notice from the mortgagor to release. Upon receipt of written notice the holder of the mortgage has ten days within which to release the mortgage or be subject to the penalty set forth in 46 O.S. 15 [46-15] (1978). Finally, an essential element of releasing a mortgage is the requirement that the County Clerk collect a fee for recording such an instrument and, since the duty to release is made mandatory upon the holder of the mortgage he would likewise be responsible for paying the fee for recordation. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) 46 O.S. 15 [46-15] (1978) is applicable to the release of mortgages dated prior to September 30, 1977, as well as to mortgages dated subsequent thereto. (2) The holder of a mortgage does not need to physically file the release of mortgage with the county clerk but if his designee fails to timely file such release the holder would be liable to the mortgagor. (3) To avoid being subject to penalty the holder of a mortgage shall file the release of mortgage within fifty (50) days upon payment of the debt secured by the mortgage. (4) Oklahoma's mortgage release law makes mandatory the duty of the holder of a mortgage to timely release the mortgage upon payment of the debt secured thereby thus, the fee required by the county clerk for filing the release of mortgage must be paid by the holder of the mortgage. (MICHAEL JACKSON) (ksg)